[990 NYS2d 769]

Nicholas Kim, Plaintiff, v Capital Markets Placement, LLC, Defendant.

Civil Court of the City of New York, New York County, November 12, 2013

## APPEARANCES OF COUNSEL

*D. Sam Han*, New York City, for plaintiff.

*Sanders Long LLP*, New York City (*Adam Sanders* of counsel), for defendant.

## OPINION OF THE COURT

JAMES E. D'AUGUSTE, J.

Plaintiff Nicholas Kim has filed a motion to dismiss defendant Capital Markets Placement, LLC's counterclaim premised upon (1) documentary evidence, (2) a failure to state a cause of action and, in the alternative, (3) a failure to join a necessary party.

Kim was a Capital Markets at-will employee placed as a consultant with Western Management Company. Kim's employment contract with Capital Markets contained no restrictive covenant, such as a non-competition or non-circumvent provision, and allowed for relatively short notice of an intention to terminate the agreement by either party. After Kim exercised his right of termination, Capital Markets "stopped payment" on a paycheck and refused to pay outstanding wages. When Kim sued for his unpaid wages, Capital Markets asserted counterclaims relating to Kim commencing work directly with Western Management because the company allegedly reneged on an option to hire fee contained in a separate contract between those two companies.[1]

Capital Markets' counterclaims are dismissed as either failing to state a cause of action or refuted by the documentary evidence. In the absence of a restrictive covenant, Kim had the legal right to terminate his employment with Capital Markets and undertake direct employment with Western Management. The agreement contained a merger clause providing that the document contained all of the parties' obligations to each other.[2] Based upon the foregoing, Capital Markets' efforts to essentially write into the employment agreement a restrictive covenant in the guise, for instance, of an implied covenant is rejected as be-

---

1. Litigation between Capital Markets and Western Management relating to the option to hire fee has apparently been settled.

2. *Torres v D'Alesso*, 80 AD3d 46, 53 (1st Dept 2010) (*"Merger clauses are not mere boilerplate*. They provide further protection for the interests of certainty and finality").

ing without merit.[3] This is particularly true since Capital Markets was sufficiently on notice of the possibility of Kim commencing direct employment with Western Management and it incorporated an option to hire fee into its agreement with that company.[4]

As the court dismisses the counterclaims on their merits, it need not reach Kim's alternate argument that Capital Markets failed to join Western Management, a putative necessary party.

---

**3.** *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 (2004) ("When interpreting contracts, we have repeatedly applied the familiar and eminently sensible proposition of law . . . that, when parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms" [internal quotation marks and citations omitted]).

**4.** *Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 (2001) ("[T]his Court will not imply a term where the circumstances surrounding the formation of the contract indicate that the parties, when the contract was made, must have foreseen the contingency at issue and the agreement can be enforced according to its terms" [citations omitted]).